### Rosenblatt v. Clements.

January 23, 1951.

William H. Field, Judge.

Hughett & Hughett for appellant.

Curtis & Curtis for appellee.

JUDGE HELM—Affirming.

Appellee, J. W. Clements, an attorney, filed this action to recover from appellant, Nathan Rosenblatt, $540 for legal services in four cases. By agreement of the parties the case was heard by the trial judge without the intervention of a jury. From a judgment for $540 in favor of appellee, appellant appeals maintaining (1) that if the incompetent evidence were ruled out of the testimony, there would not be sufficient evidence to support the judgment, and (2) no evidence was introduced to show the ability of the defendant to pay.

In his petition appellee sought $25 in the Kelly Super Service case; $40 in the Carl C. Allen case; $300 in the Bernard Head case, and $175 in the Commonwealth of Kentucky case, all cases in which appellant was defendant.

At the trial it was admitted that the charges of $25 and $40 were reasonable. Head, an infant suing by his next friend, sought to disaffirm an alleged contract for the purchase from appellant of a .restaurant and grill in Shively for the sum of $2900. When Head threatened action, appellant employed appellee on April 28, 1947 and gave him the details. Appellee conferred two or three times with counsel for Head, looking toward a possible settlement, but suit was filed pleading fraud and seeking to disaffirm the contract and recover the amount paid thereunder. Appellee obtained the petition and a copy of the contract; conferred with appellant; looked after the case on the docket; filed a motion to elect, briefing it; prepared a demurrer and answer; did

research on the issues raised on the pleadings; had the case assigned for trial; had witnesses summoned; prepared an affidavit and motion for a subpoena duces tecum; conferred with Head's counsel, and on February 20, 1948, after extended negotiations, finally succeeded in effecting a settlement for $500.

In the Commonwealth case a warrant was issued against appellant in the First Magisterial District charging him with obtaining money under false pretenses. Appellant had purchased an automobile in Indiana. He sold the automobile to a man but for more than 60 days did not furnish him with a bill of sale, claiming he had lost his bill of sale. Appellant finally found the bill of sale but a further dispute arose as to whether the automobile was a 1938 or 1939 model. The man paid some "$700 or $750 for it." The purchaser also contended that "the automobile had been misrepresented to him; that it would not run." The case was set for January 20, 1948. Appellant was unable to appear. Appellee secured a continuance until February 3, 1948. On that day, appellee appeared with appellant and his witnesses ready for trial. On motion of the Commonwealth, the case was continued to February 10, 1948. Appellee again appeared with appellant and his witnesses but the Commonwealth was not ready for trial. The case was continued until the following day, at which time appellee appeared with his witnesses, the Commonwealth was ready, the case was tried from 10 a. m. until 2 p. m. when appellant was held to the grand jury. Appellee arranged for his bond of $500. The purchaser had agreed to accept $450. Appellant had declined to pay this amount, but he now offered to do so. Appellee, after conferring with the Commonwealth and with the Magistrate, was finally able to persuade the Magistrate that under the circumstances the warrant should be withdrawn. A new trial was granted and the warrant was withdrawn.

Appellee testified that his charges were reasonable. Three other attorneys placed the value of his services in the Head case at $450 to $500; in the criminal case at $250 to $350. Counsel for appellant testified that in her opinion $200 was reasonable in the Head case, and $100 in the criminal case; that the $25 and $40 charges were reasonable.

Appellant objected to appellee testifying as to com-

munications made by him to appellee. The court overruled the objection, saying that he would apply the rules of evidence in his own mind. "The rules of evidence are not so rigorously applied where a case is tried before the judge without the intervention of a jury." Chamberlain v. National Life & Accident Ins. Co., 256 Ky. 548, 76 S. W. 2d 628, 629, 631. The finding of the court in this case must be regarded the same as a verdict of a properly instructed jury. Appellant's ability to pay is not involved here. The only question then is whether or not the conclusion reached by the trial court is palpably against the evidence. 2 West Ky. Digest, Appeal and Error, 1012(1).

Appellant objected to certain communications between appellant and appellee. If incompetent, they were not prejudicial. The trial judge has had much experience as a lawyer and as a judge in cases involving fees. The amounts fixed by him are supported by the record and are, we believe, reasonable. In the light of the rules for the allowance of attorneys' fees as set out in Wilhoit v. Brown, 295 Ky. 732, 175 S. W. 2d 529; Martin v. Martin's Ex'rs., 311 Ky. 164, 223 S. W. 2d 345, and the facts of this case, we are unable to say that the trial judge did not reach the correct conclusion.

The judgment is affirmed.